In the Matter of ABRAHAM MALDONADO, Respondent, v DONALD SELSKY, as Director of the Inmate Disciplinary Program, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Intemann, Jr., J.), entered July 13, 1988 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County was served with a misbehavior report when a urine sample he submitted for drug analysis tested positive for opiates. At the subsequently held tier III hearing, petitioner denied the charge. He suggested that because the inmate identification number on the documentation pertaining to the urinalysis test was originally recorded as 86A-5481 and later

changed to 86A-5486, petitioner's inmate identification number, the positive test result was that of some other inmate and had been incorrectly attributed to him. The Hearing Officer rejected this defense, found petitioner guilty and imposed a penalty of three months in keeplock, loss of privileges and good time. This determination was administratively affirmed after which petitioner commenced the instant CPLR article 78 proceeding. Supreme Court did not credit petitioner's procedural challenges, but granted the petition because it found that the test results were not clear and convincing indications of petitioner's guilt. Respondent appeals.

Whether the test results warrant the decision respondent reached presents a substantial evidence question, resolution of which is a matter, not for Supreme Court, but for this court (see, CPLR 7804 [g]). We may, however, and do, treat the matter as having been properly transferred here originally (see, Matter of Segrue v City of Schenectady, 132 AD2d 270, 274).

The two positive EMIT drug test results sufficiently support the Hearing Officer's determination that petitioner used illegal drugs (see, Matter of Lahey v Kelly, 71 NY2d 135, 144). Although the last digit of petitioner's inmate identification number was incorrectly recorded on the two urinalysis procedure forms, the two EMIT test result cards, the log identifying inmates tested that day and the misbehavior report, petitioner's identification number was correctly stated in the initial urinalysis test request form. Furthermore, other identifying factors, including petitioner's name, cell number and the number assigned to his urinalysis test, were consistently listed accurately on all of the documentation.

Lending further credence to the thesis that petitioner's inmate identification number had merely been transcribed incorrectly is the fact that no other inmate with either a name or identification number similar to his was tested on this same day. Moreover, while none of the officers involved in the chain of custody could explain the error, the officer who collected the specimen testified that both he and petitioner checked the accuracy of the information on the vial containing the sample submitted for testing. Further, the officer who conducted the two tests indicated that the accuracy of the other identifying information on the supporting documentation negates the possibility that petitioner's specimen was confused with that of another inmate. Accordingly, substantial evidence supports the determination (see, Matter of Price v Coughlin, 116 AD2d 898, 899).

As for those of petitioner's procedural arguments not raised by petitioner at his tier III hearing or on administrative appeal, they may not be advanced for the first time in this proceeding *(see, Matter of Bates v Coughlin,* 145 AD2d 854, *lv denied* 74 NY2d 602); those contentions that were properly preserved for review simply lack merit. The misbehavior report is sufficiently particular to satisfy the requirements of 7 NYCRR 251-3.1. In addition, the hearing was extended beyond the 14-day limitation pursuant to timely request *(see,* 7 NYCRR 251-5.1 [b]), with petitioner's consent, to accommodate his demand for additional assistance.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.