■ In the Matter of IAN DAWES, Appellant, v DONALD SELSKY, as Director of Special Housing Units, Department of Correctional Services, Respondent. [674 NYS2d 863] —Peters, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered July 26, 1996 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

In June 1995, petitioner, an inmate at Southport Correctional Facility in Chemung County, was charged in a misbehavior report with harassing and threatening a correction officer. After a tier III hearing, petitioner was found guilty of the charges and sentenced to 270 days confinement in a Special Housing Unit and a restricted diet for 14 days. Petitioner brought this CPLR article 78 proceeding to challenge the disciplinary determination. Supreme Court, finding the arguments advanced by petitioner to be without merit, dismissed the petition and this appeal ensued.

We reject petitioner's contention that the hearing was not timely commenced. The tier III hearing was originally commenced on June 28, 1995, less than 14 days after the misbehavior report was written (see, 7 NYCRR 251-5.1 [b]). Two extensions were then granted to allow petitioner to receive further assistance for his defense. These extensions did not render the hearing untimely (see, Matter of Shapard v Coombe, 245 AD2d 982, 983; Matter of Guerrero v Coombe, 239 AD2d 676). Additionally, in regard to petitioner's allegation that the Hearing Officer was not impartial, our review of the record discloses

that the Hearing Officer conducted the hearing in a fair and impartial manner. Petitioner was appointed an assistant of his choosing to aid him in his defense, was permitted to call witnesses on his behalf and expressed his objections to the Hearing Officer. Furthermore, Supreme Court's conclusion that the record was devoid of any evidence indicating that the transcript of the hearing was incomplete was supported by the record.

Turning to petitioner's claim that he was denied his right to submit relevant documentary evidence, we conclude that this contention is unavailing. At the hearing, petitioner wanted to submit evidence of past grievances he had filed alleging conduct by correction officers demonstrating a pattern of conduct and harassment relevant to his defense in the instant proceeding. However, petitioner failed to show that the prior harassment complaints were made against the same officer involved in this misbehavior incident report. Without this specific connection, the prior complaints were irrelevant to petitioner's defense for this incident report (see generally, Matter of Gill v Selsky, 240 AD2d 831). We have examined petitioner's remaining contentions and conclude that they are similarly lacking in merit.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.