■ In the Matter of SHAWN GREEN, Petitioner, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [681 NYS2d 811] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in two misbehavior reports with violating certain prison disciplinary rules. The charges stemmed from two incidents in which petitioner refused direct orders to remove sheets that he had hung from his cell bars and, instead, threatened and harassed the correction officer who ordered their removal. Following unsuccessful administrative appeals, petitioner commenced this CPLR article 78 proceeding challenging the determinations of his guilt. The misbehavior reports written by the correction officer who issued the direct orders provide substantial evidence supporting the determinations of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Inasmuch as the record establishes that petitioner refused to appear at the disciplinary hearing regarding the first of the two misbehavior reports, his challenges to any procedural irregularities in connection with the determination of his guilt with respect to this report have been waived (*see, Matter of Joyce v Goord*, 246 AD2d 926; *Matter of Cotton v Coughlin*, 167 AD2d 584). Furthermore, petitioner's assertion that the charges contained in the second misbehavior report were fabricated created a credibility issue for the Hearing Officer to resolve (*see, e.g., Matter of Joyce v Coughlin*, 219 AD2d 777, 778). Petitioner's remaining contentions, to the extent that they are preserved for our review, are found to be without merit.

Mercure, J. P., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.