■ In the Matter of ANTHONY NORMAN, Petitioner, v J. WOOD, as Deputy Superintendent of Clinton Correctional Facility, Respondent. [691 NYS2d 204] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules prohibiting engaging in violent conduct, assaults on staff, refusing direct orders, creating a disturbance and possession of a weapon. According to the misbehavior report, while a correction sergeant was attempting to interview him, petitioner became upset and picked up a small metal locker. Petitioner refused several direct orders to drop the locker and back-up was requested. Several correction officers arrived in response and petitioner attempted to bring down the locker on one of the correction officer's head, who was able to deflect it with his arm and sustained minor

injuries. Petitioner was then wrestled to the floor by two correction officers. Petitioner's administrative appeal of the determination of guilt was unsuccessful, prompting the commencement of this CPLR article 78 proceeding.

We confirm. In our view, the misbehavior report, combined with, *inter alia*, the testimony of the correction officers involved in the incident, provide substantial evidence to support the determination of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). While petitioner maintained that he was only using the locker as a shield and did not strike anyone with it, this merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of De La Rosa v Portuondo*, 247 AD2d 810, 811). Notably, petitioner admitted that he became agitated and uncooperative, even though he testified that this was because of a legitimate concern that he was being treated unfairly. As a prison inmate, however, petitioner was required to promptly obey all orders even if he disagreed with them (*see, Matter of McMillian v Goord*, 252 AD2d 645).

Petitioner's remaining arguments, including his procedural claims that the use of telephone testimony at the hearing was improper, that he was denied relevant documentary evidence and that the Hearing Officer was biased, have been examined and found to be without merit.

Cardona, P. J., Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.