■ In the Matter of FLOYD COWART, Appellant, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. [694 NYS2d 503] —Appeal from a judgment of the Supreme Court (McGill, J.), entered June 17, 1998 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Following a tier III hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules which prohibit inmates from demonstrating, refusing a direct order and disobeying movement regulations. According to the misbehavior report, petitioner, in concert with several other inmates, refused several direct orders to return to his cell from the exercise yard. Although petitioner pleaded not guilty to the charges, he admitted at the hearing that he purposely stayed out in the exercise yard to prove that a certain correction officer was deliberately isolating him. He also admitted that he "manipulated" two other inmates "to stay out there so that [his] point can be proved". The determination of guilt was affirmed upon petitioner's administrative appeal and he thereafter commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and we affirm.

Initially, we find no error in the Hearing Officer's denial of

petitioner's request to call various witnesses and view a videotape of the exercise yard inasmuch as the record supports the Hearing Officer's conclusion that this evidence would have been redundant or irrelevant to the subject charges (*see, Matter of Fletcher v Murphy*, 249 AD2d 638). Although it is true that the Hearing Officer refused petitioner's request to return to his cell to obtain copies of complaints he had made against the correction officer who was the area supervisor at the time of the subject incident which he asserted would support his claims of retaliation, we note that these complaints were concededly not directed against the same correction officer who authored the misbehavior report (*see, Matter of Dawes v Selsky*, 251 AD2d 912, *lv denied* 92 NY2d 812; *cf., Matter of Perkins v Goord*, 257 AD2d 821). In any event, the Hearing Officer allowed petitioner to describe his complaints in detail and specifically told petitioner that he believed that the particular complaints had been made as alleged. The remaining arguments advanced by petitioner have been examined and found to be unpersuasive.

Cardona, P. J., Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.