■ In the Matter of ANTHONY BARNWELL, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [701 NYS2d 501] —Graffeo, J. Appeal from a judgment of the Supreme Court (Seibert, J.), entered October 5, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

After two urinalysis tests performed on his urine sample yielded positive results for the presence of opiates, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule that prohibits inmates from using controlled substances. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination on procedural and substantial evidence grounds. Supreme Court dismissed the petition and this appeal ensued.

Initially, since the petition raised a question of substantial evidence, Supreme Court should have transferred the matter to this Court pursuant to CPLR 7804 (g). Given our authority to treat the substantial evidence question as having been properly transferred, however, we shall decide the issue de novo and render judgment accordingly (*see*, *Matter of Rodriguez v Goord*, 260 AD2d 736, *lv denied* 93 NY2d 818; *Matter of Maldonado v Selsky*, 162 AD2d 843). In that regard, we conclude that the misbehavior report, the documentation relating to the positive urinalysis test results, and the testimony of the correction officer who authored the misbehavior report and performed the urinalysis tests provided substantial evidence of petitioner's guilt (*see*, *Matter of Mendez v Selsky*, 255 AD2d 858; *Matter of Laraby v Goord*, 244 AD2d 690). While petitioner claims that the correction officer arbitrarily requested the urine sample and fabricated the charges against him, this unsupported allegation merely created a credibility issue for the Hearing Officer to resolve (*see*, *Matter of Reynoso v Coombe*,

257 AD2d 921, *lv denied* 93 NY2d 806; *Matter of Green v Mc-Ginnis*, 256 AD2d 793, *lv denied* 93 NY2d 809).

Finally, we reject petitioner's argument that he was denied the right to select an employee assistant and that the assistance he received was inadequate. Petitioner refused to select an employee assistant from the established list provided to him and indicated on the employee assistant form that he elected to waive his right to an assistant of his choice (*see, Matter of Shapard v Coombe*, 245 AD2d 982). Moreover, any available and relevant documentation which was not provided by the employee assistant who was subsequently assigned to petitioner at the commencement of the disciplinary hearing was supplied by the Hearing Officer (*see, Matter of Alvarez v Goord*, 243 AD2d 973).

Petitioner's remaining contentions are either unpreserved for our review or without merit.

Cardona, P. J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.