■ In the Matter of ANTONIO SANTANA, Appellant, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents. [703 NYS2d 814] —Appeal from a judgment of the Supreme Court (McGill, J.), entered March 9, 1999 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with possession of contraband, weapons, altered items, tattooing equipment and unauthorized organizational material. Petitioner pleaded guilty to the charge of possession of tattooing equipment and was subsequently found guilty of possessing weapons, altered items and unauthorized organization material.

Contrary to petitioner's contention, the fact that one of the two correction officers involved did not endorse the misbehavior report does not render such report defective. Such error was harmless, especially in view of the fact that the record establishes that petitioner received a copy of the misbehavior report and the report adequately apprised him of the charges against him (see, Matter of Greene v Coombe, 253 AD2d 912). In any event, petitioner has failed to demonstrate that any prejudice resulted from this technical error (see, Matter of Huntley v Goord, 261 AD2d 401).

We also reject petitioner's contention that he was denied relevant documentary evidence, i.e., a photograph of the locker that was removed from his cell and the Hearing Officer's denial of two correction officers' testimony. In the first instance, despite the fact that no photograph of the locker existed, the requested evidence was properly determined to be irrelevant to the charges at issue (see, Matter of Cowart v Senkowski, 263 AD2d 730). Additionally, the two correction officers requested by petitioner were not present during the search and, accordingly, the Hearing Officer properly determined that their testimony would be irrelevant to the charges at issue (see, Matter of Blanche v Selsky, 253 AD2d 944, lv denied 92 NY2d 817). Petitioner's remaining contentions, including his assertion that the Hearing Officer was biased, have been examined and found to be without merit.

Crew III, J. P., Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.