■ In the Matter of JULIO GIANO, Petitioner, v DONALD SELSKY, as Director of Special Housing, Department of Correctional Services, et al., Respondents. [710 NYS2d 559] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule prohibiting inmates from using controlled substances after his urine tested positive for the presence of cannabinoids. Petitioner challenges the determination claiming that a number of procedural errors require its annulment.*

We reject petitioner's contention that an improper foundation was laid for the introduction of the urinalysis test results.

---

* Although the proceeding was properly transferred to this Court since the CPLR article 78 petition raised several issues that could be construed as challenging the determination on substantial evidence grounds, petitioner informs us in his brief that he has now abandoned this argument (*see, Matter of Johnson v Goord*, 260 AD2d 816).

Notwithstanding petitioner's assertions to the contrary, we find that the record demonstrates that the appropriate testing procedures were followed and that the chain of custody was sufficiently documented (*see, Matter of Bonaguro v Goord*, 256 AD2d 849; *Matter of Medina v Goord*, 249 AD2d 655). Moreover, we find that petitioner was provided with all the relevant and available documents to which he was entitled (*see*, 7 NYCRR 1020.5; *see also, Matter of Falero v Goord*, 253 AD2d 913).

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.