■ In the Matter of WILFREDO MORALES, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Program for the New York State Department of Correctional Services, Respondent. [721 NYS2d 424] —Appeal from a judgment of the Supreme Court (Cobb, J.), entered October 14, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from using controlled substances after a sample of his urine twice tested positive for the presence of cannabinoids. Supreme Court dismissed petitioner's subsequent application pursuant to CPLR article 78 challenging the determination. Petitioner appeals.

Initially, inasmuch as the petition raised an issue of substantial evidence, the matter should have been transferred to this Court pursuant to CPLR 7804 (g). In any event, we shall treat the matter as having been properly transferred and decide the issue de novo (*see, Matter of Barnwell v Goord*, 268 AD2d 725, *lv denied* 95 NY2d 751; *Matter of Maldonado v Selsky*, 162 AD2d 843). We reject petitioner's challenge to the evidence presented at the hearing and conclude that the misbehavior report, positive results of the two urinalysis tests and testimony received at the hearing provide substantial evidence to support the determination of guilt (*see, Matter of Pollard v Duncan*, 274 AD2d 720). We find no merit to petitioner's challenge to the qualifications of the correction officer who performed the urinalysis tests. Although the correction officer had not yet received his certificate, he testified that he had successfully completed the training course and was certified in the use of the urinalysis testing apparatus (*see, Matter of Zinnamon v Selsky*, 261 AD2d 682, 683). Furthermore, the correction officer's testimony and urinalysis testing documentation demonstrate that the appropriate testing procedures were followed (*see, Matter of Giano v Selsky*, 273 AD2d 570, *lv denied* 95 NY2d 764).

Finally, in view of the testimony by a representative from

the manufacturer of the apparatus that the medications petitioner was taking would not cause a false positive, the conflicting testimony offered by the correction facility nurse presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Youngblood v Goord*, 267 AD2d 640). Petitioner's remaining contentions, including his claim of retaliation, have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.