■ In the Matter of LENARD BERRIAN, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [732 NYS2d 700] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 15, 2000 in Franklin County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this proceeding challenging a determination finding him guilty of violating the prison disciplinary rules prohibiting inmates from creating a disturbance, lying and refusing a direct order. The misbehavior report relates that on February 28, 2000, petitioner was returning to his correctional facility from a court appearance. After walking up the front stairs of the building without incident, petitioner, who was shackled in both handcuffs and leg irons, refused to walk up the reception area stairwell. Despite having been given several orders to ascend the stairs, petitioner continued to refuse and requested to use the facility elevator. After being told that the elevator was unavailable, petitioner began screaming and yelling and dropped to the floor claiming that he could not walk. He was then carried up the stairs by the correction officers. Supreme Court annulled the determination of guilt with regard to creating a disturbance and lying, and confirmed the determination of guilt on the charge of refusing a direct order. Petitioner appeals.

Initially, we note that inasmuch as the petition may be construed as having raised an issue of substantial evidence, the matter should have been transferred to this Court pursuant to CPLR 7804 (g) (*see, Matter of Morales v Selsky*, 281 AD2d 658). Nevertheless, we shall treat the proceeding as hav-

ing been properly transferred and decide the issue de novo (*see, id.; Matter of Barnwell v Goord*, 268 AD2d 725, *lv denied* 95 NY2d 751). Accordingly, we turn first to petitioner's contention that he was denied meaningful employee assistance because his assistant failed to obtain a videotape of the incident for use at the hearing. Petitioner asserts that his assistant assured him that the videotape would be available for use at the hearing and, when it was not, petitioner reiterated his request to the Hearing Officer. The Hearing Officer then contacted the correctional facility where the incident occurred and was apparently told that no such videotape existed. Notably, in its answer to the petition, respondent offered the affidavit of the records coordinator of the videotape monitoring unit for the facility where the incident took place. He indicates that because only 14 of the 85 video cameras can be viewed and recorded at any given time, it is possible that the incident involving petitioner was not recorded. He also averred, however, that videotaped surveillance data is stored for 30 days before the tapes are reused unless a request is received for such tape. He indicated that no request was made for this tape within the 30-day period. Accordingly, it cannot be discerned from this record whether a surveillance tape of the incident was never recorded or whether it was recorded but destroyed due to the assistant's failure to request it.

Petitioner's argument nevertheless fails inasmuch as he has not established any prejudice resulting from the assistant's failure to obtain the videotape (*see, Matter of Webb v Goord*, 269 AD2d 641; *Matter of Greene v Coombe*, 242 AD2d 796, *lv denied* 91 NY2d 803). Specifically, in light of petitioner's unequivocal admissions that he refused to go up the stairs willingly and had to be carried by correction officers, there is no indication that would have aided petitioner in his defense.

Likewise, we reject petitioner's evidentiary challenge and conclude that the misbehavior report, together with the testimony adduced at the hearing, constitute substantial evidence to support the determinations of guilt on all charges (*see, Matter of Foster v Coughlin*, 76 NY2d 964; *Matter of Wright v Goord*, 284 AD2d 688). To the extent that petitioner asserts that he was not required to follow the order given because the leg irons should have been removed pursuant to respondent's restraint policy, we reiterate that as a prison inmate, petitioner was required to obey all orders even if he disagreed with them (*see, Matter of Rivera v Smith*, 63 NY2d 501, 515-516; *Matter of Norman v Wood*, 261 AD2d 755).

Mercure, J. P., Crew III, Carpinello, Mugglin and Lahtinen,

JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as annulled the determination finding petitioner guilty of violating the prison disciplinary rules prohibiting inmates from creating a disturbance and lying; determination confirmed to said extent and petition dismissed; and, as so modified, affirmed.