■ In the Matter of JOHN PADILLA, Appellant, v DONALD SELSKY, as Director of Special Housing, Inmate Disciplinary Program, Respondent. [750 NYS2d 898] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered November 2, 2001 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting the unauthorized use of controlled substances after his urine twice tested positive for the presence of cannabinoids. This decision was affirmed on administrative appeal and became the subject of this CPLR article 78 proceeding, which was subsequently dismissed by Supreme Court in the judgment under review.

Initially, because the petition can be construed as having raised an issue of substantial evidence, Supreme Court should have transferred the matter to this Court pursuant to CPLR 7804 (g) (*see Matter of Berrian v Goord*, 288 AD2d 670). We will, nevertheless, treat the matter as having been properly transferred and decide the substantial evidence issue de novo (*see id.*; *Matter of Morales v Selsky*, 281 AD2d 658, *lv denied* 96 NY2d 713; *Matter of Barnwell v Goord*, 268 AD2d 725, *lv denied* 95 NY2d 751). The record of the disciplinary hearing reveals that petitioner admitted that the urine sample had tested positive for cannabinoids, but he nonetheless contended that the sample was "dirty" as a result of drug use within the previous 30 days for which he had been separately disciplined. Although a correction officer testified that there was a possibility that cannabinoids could remain in the body for 30 days following the use of marihuana, the Hearing Officer was entitled to reject petitioner's self-serving testimony that the drug use underlying his prior drug infraction had occurred within the 30-day period preceding the drug testing at issue here (*see Matter of Morales v Selsky, supra* at 659). Accordingly, we reject petitioner's contention and conclude that the misbehavior report, coupled with petitioner's admission and the testimony of the correction officer who conducted the urinalysis testing and issued the misbehavior report, provided substantial evidence of petitioner's guilt (*see id.* at 658; *Matter of Barnwell v Goord, supra* at 725). Finding no evidence that the Hearing Officer was biased or that evidence was admitted without a proper foundation, we affirm Supreme Court's rejection of these claims.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.