■ In the Matter of JERALD MILLER, Petitioner, v JOSEPH COSTELLO, as Superintendent of Midstate Correctional Facility, et al., Respondents. [756 NYS2d 911] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Midstate Correctional Facility which found that petitioner violated certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit creating a disturbance, unauthorized exchange and refusing a direct order. According to the misbehavior report and testimony from the correction officer who authored it, petitioner was involved in an incident in the mess hall where he refused the correction officer's orders not to yell and later took food from another inmate's tray without authorization. Petitioner challenges the determination on procedural grounds.*

Contrary to petitioner's contention, we find that he was af-

---

* Although the proceeding was properly transferred to this Court because the petition raised an issue of substantial evidence, petitioner informs us in his brief that no question of substantial evidence is being raised before this Court (*see Matter of Giano v Selsky*, 273 AD2d 570 [2000], *lv denied* 95 NY2d 764 [2000]).

forded a fair and impartial hearing and reject his claim of hearing officer bias. Any brusque comments by the Hearing Officer which were made during the course of the hearing were not indicative of bias (*see Matter of Lawrence v Headley*, 257 AD2d 837 [1999]). In any event, a review of the record demonstrates that the outcome of the hearing flowed from the evidence presented at the hearing and not from any alleged bias (*see Matter of Wells v Selsky*, 282 AD2d 799 [2001]; *Matter of Barnhill v Coombe*, 239 AD2d 719 [1997]). Petitioner was permitted to develop the record regarding his version of events and present his defense of harassment.

Petitioner next claims that he was inappropriately denied the right to call various witnesses. Although there were no written explanations for the denial of petitioner's request to call witnesses (*see* 7 NYCRR 254.5 [a]), the record reveals that the testimony from the witnesses would have been redundant to petitioner's exculpatory testimony and was irrelevant inasmuch as the witnesses had no knowledge of the incident (*see Matter of Thomas v Bennett*, 271 AD2d 768 [2000]; *Matter of Bonez v Senkowski*, 265 AD2d 713 [1999]). Petitioner's remaining contentions, including that he was precluded from presenting documentary evidence, have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.