■ In the Matter of VINCENT ANTONUCCI, Appellant, v JOSEPH DAVID, as Superintendent of Green Correctional Facility, Respondent. [759 NYS2d 907] —Appeal from a judgment of the Supreme Court (Cobb, J.), entered March 7, 2002 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Following a tier II disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules which prohibit creating a disturbance, refusing to obey a direct order and violating mess hall procedures. Testimony presented at the disciplinary hearing disclosed that petitioner is on a prescribed diet which restricts the type of food he is served in the mess hall. On the date in question, petitioner attempted to diverge from his diet by helping himself to a bag of potato chips. He then ignored a correction officer's repeated orders to return the chips, creating a scene in front of the other inmates and holding up the line. Substantial evidence in the form of the misbehavior report and the eyewitness testimony of the reporting officer supports the determination of petitioner's guilt (*see Matter of Moore v Walsh,* 301 AD2d 894 [2003]). The ensuing CPLR article 78 proceeding was dismissed by Supreme Court.

On this appeal, petitioner contends that the determination of his guilt resulted from hearing officer bias. The record, however, discloses that the hearing was conducted in a fair and impartial manner, with no indication that its outcome flowed from anything other than the substantial evidence of petitioner's guilt (*see Matter of Miller v Costello,* 304 AD2d 916 [2003]). Petitioner's assertion that the misbehavior report was fabricated in retaliation for previous grievances he had filed against the reporting correction officer presented a question of credibility for resolution by the Hearing Officer (*see Matter of*

*Pryce v Goord,* 281 AD2d 665 [2001]; *Matter of Steward v Selsky,* 266 AD2d 605 [1999]). The remaining issues raised herein have been reviewed and found to be without merit.

Mercure, J.P., Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.