■ In the Matter of RAFAEL PEREZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [773 NYS2d 625]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of assault on staff, violent conduct, interference with staff and disobeying a direct order. According to the misbehavior report, while being escorted to the infirmary for medication, petitioner turned on the escorting correction officer and repeatedly punched him in the chest. In order to regain control, the correction officer "rushed" petitioner into the wall, causing the two to fall to the floor. Other correction officers arrived at this point and placed petitioner in mechanical restraints. Throughout the ordeal, petitioner ignored the correction officer's orders to stop.

The misbehavior report and testimony at the hearing provide

substantial evidence to support the determination of guilt (*see Matter of Pope v Goord*, 307 AD2d 563 [2003]). Although petitioner maintains that he did not assault the correction officer but, rather, was attacked by a group of correction officers in retaliation for filing grievances, this created a credibility issue for the Hearing Officer to resolve (*see Matter of Williams v Goord*, 308 AD2d 614, 615 [2003]).

We also reject petitioner's assertion that he was improperly denied the right to present documentary evidence. The grievance he tried to present during the hearing was properly excluded inasmuch as it did not pertain to the correction officer who authored the misbehavior report (*see Matter of Cowart v Senkowski*, 263 AD2d 730, 731 [1999]). To the extent that petitioner was precluded from entering his medical records into evidence, petitioner's testimony, together with the unusual incident report and use of force report, detailed the injuries that petitioner sustained during the incident, thereby making the admission of the medical records redundant (*cf. Matter of Morrison v Selsky*, 246 AD2d 939 [1998]). Similarly, petitioner's request that the facility nurse be called as a witness was properly denied where, again, any testimony regarding petitioner's injuries would be redundant and, absent any first-hand knowledge of the charged misconduct, irrelevant (*see Matter of Dumpson v Mann*, 225 AD2d 809, 811 [1996], *lv denied* 88 NY2d 805 [1996]. Petitioner's remaining contentions, including his claim of hearing officer bias, have been examined and found to be lacking in merit.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.