■ In the Matter of OMAR THORPE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [785 NYS2d 601]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of two charges of disobeying a direct order, two charges of disturbing the order of the facility and verbal harassment as set forth in two misbehavior reports stemming from petitioner's radio being played too loudly. According to the first misbehavior report charging petitioner with creating a disturbance, refusing a direct order and harassment, Correction Officer J. Christafano, who was on the tier directly below petitioner's cell, heard petitioner's radio. Christafano stepped back to confirm that the noise was coming from petitioner's cell and then yelled to petitioner to use his headphones or turn off the radio. Petitioner responded with an obscene remark. The misbehavior report further indicates that Christafano had counseled petitioner regarding the volume of his radio two days prior to this incident.

The second misbehavior report relates that approximately two hours after the incident involving Christafano, Correction Officer J. Kremer was making his rounds and heard loud music from petitioner's cell. When petitioner was told to turn the radio off and that it was only to be played using headphones, petitioner responded, "Show me that rule!" Having also counseled petitioner about the use of the radio a few days prior, and upon learning that petitioner had been counseled about such conduct just two hours before, Kremer issued the second misbehavior report charging petitioner with creating a disturbance and refusing a direct order.

Contrary to petitioner's contention, the misbehavior reports and corroborating testimony at the hearing provide substantial evidence to support the determination of petitioner's guilt (*see*

*Matter of Lawrence v Headley*, 257 AD2d 837 [1999]). We are also unpersuaded by petitioner's contention that he was denied the right to call a witness as the Hearing Officer informed petitioner that the witness refused to testify. Moreover, even if there were any error on the part of the Hearing Officer in failing to ascertain the reason for the witness's refusal to testify or to produce a witness refusal form, petitioner established no prejudice as a result thereof (*see Matter of Shannon v Goord*, 282 AD2d 909, 910 [2001]; *Matter of Covington v Goord*, 262 AD2d 803, 804 [1999]), particularly given the fact that two other witnesses testified on petitioner's behalf. Finally, given petitioner's repeated disregard to abide by staff directives and his disciplinary history, the six-month confinement to the special housing unit is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Perkins v Goord*, 290 AD2d 700, 702 [2002]).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.