■ In the Matter of ROLAND CODY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [794 NYS2d 149]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

For his participation in a fight with another inmate and his subsequent assault on a correction officer who was trying to restrain him, petitioner was charged with violating prison

disciplinary rules prohibiting fighting, assaulting staff, violent conduct, creating a disturbance and refusing a direct order. Following a tier III disciplinary hearing, at which petitioner pleaded guilty with an explanation to the fighting offense, petitioner was found guilty of all charges. The determination of petitioner's guilt was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

At the outset, we note that petitioner's plea of guilty to the fighting charge precludes him from raising a substantial evidence challenge as to that part of the determination (*see Matter of Cendales v Goord*, 305 AD2d 824, 824 [2003]). The remaining offenses are supported by substantial evidence in the form of the misbehavior report, petitioner's own admissions and the testimony of the officer who petitioner assaulted, which establish that petitioner participated in a fight with another inmate, refused to comply with the repeated orders of correction officers to stop, then pushed and kicked an officer who had been attempting to pull him away from the other inmate (*see Matter of Marcial v Goord*, 2 AD3d 1243, 1244 [2003]; *Matter of Norman v Wood*, 261 AD2d 755, 756 [1999]). To the extent that petitioner and his inmate witnesses gave conflicting or exculpatory testimony, these discrepancies presented credibility issues that were appropriately assessed and resolved by the Hearing Officer (*see Matter of Bolden v Selsky*, 305 AD2d 749, 750 [2003], *lv denied* 100 NY2d 510 [2003]; *Matter of Maldonado v Selsky*, 281 AD2d 664, 665 [2001]).

Addressing petitioner's claims of procedural error, we agree with petitioner that the Hearing Officer erred in denying petitioner's request to view the medical records of the assaulted correction officer's injuries; although not dispositive of petitioner's guilt or innocence of the assault on staff charge, they were relevant thereto (*see Matter of Brown v Goord*, 300 AD2d 777, 777 [2002]; *Matter of Auricchio v Goord*, 275 AD2d 842, 842 [2000]; *but see Matter of Quiles v Goord*, 271 AD2d 775, 776 [2000]; *Matter of Irby v Kelly*, 161 AD2d 860, 861 [1990]). Nevertheless, we conclude that the Hearing Officer's error in this regard was harmless in light of the overwhelming evidence of petitioner's guilt and the fact that the Hearing Officer did not rely on the subject medical records as part of the basis of his determination (*see Matter of Moore v Goord*, 255 AD2d 640, 641 [1998], *lv denied* 93 NY2d 802 [1999]; *Matter of Dumpson v Mann*, 225 AD2d 809, 811 [1996], *lv denied* 88 NY2d 805 [1996]).

Petitioner's request for a videotape of his postfight admission to the facility's special housing unit and for a witness relating

to grievances that he had filed against prison officials was properly denied as irrelevant, inasmuch as the videotape was not of the incident and petitioner admitted that the requested testimony, which he sought to admit as proof that the disciplinary charges were filed in retaliation for the grievances, did not concern any of the officers involved in breaking up the fight (*see Matter of Perez v Goord*, 6 AD3d 774, 775 [2004]; *Matter of Cowart v Senkowski*, 263 AD2d 730, 731 [1999]). The videotape was further irrelevant because the alleged exculpatory statement on that tape was made by a correction officer who was not present for the fight. Significantly, petitioner declined the Hearing Officer's offer to question the officer about the statement.

Nor do we agree with petitioner that he was improperly denied an inmate witness. The Hearing Officer incorporated into the hearing record the inmate's signed witness refusal form, which stated that the inmate was refusing to testify because he did not know enough about the subject incident (*see Matter of Claudio v Selsky*, 4 AD3d 702, 703 [2004]). Assuming that the Hearing Officer should have inquired further into that inmate's refusal to testify, petitioner has failed to show any prejudice therefrom, especially in light of petitioner's statements that he expected the inmate to give testimony that was substantively similar to the six other inmates who testified on petitioner's behalf (*see Matter of Thorpe v Goord*, 13 AD3d 690, 691 [2004]). Petitioner's remaining arguments are rejected as either unpreserved or lacking in merit.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.