Matter of Lundy v Annucci (2023 NY Slip Op 04695)

Matter of Lundy v Annucci

2023 NY Slip Op 04695

Decided on September 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 21, 2023

536202
[*1]In the Matter of Quincy Lundy, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:September 1, 2023

Before:Clark, J.P., Pritzker, Ceresia, McShan and Mackey, JJ.

Quincy Lundy, Auburn, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner, an incarcerated individual, was charged in a misbehavior report with assaulting another incarcerated individual, engaging in violent conduct and creating a disturbance. According to that report, upon a correctional facility transportation bus catching fire, facility staff and incarcerated individuals exited the bus, at which time it was observed that one of those incarcerated individuals had sustained serious injuries, including lacerations, on his face consistent with the use of a cutting-type instrument. Confidential information obtained during a subsequent investigation identified petitioner as the assailant. Following a tier III disciplinary hearing, petitioner was found guilty of assault and not guilty of the remaining charges. On administrative appeal, the determination was affirmed. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, related documentary evidence and hearing testimony, including the confidential testimony considered by the Hearing Officer in camera, provide substantial evidence to support the determination of guilt notwithstanding the fact that no weapon was recovered (see Matter of Douglas v Annucci, 199 AD3d 1108, 1110 [3d Dept 2021]; Matter of Prince v Annucci, 126 AD3d 1201, 1202 [3d Dept 2015]). "Although the incident was not witnessed, the circumstantial evidence and the reasonable inferences drawn therefrom provide a sufficient basis for a finding of guilt" (Matter of Hoyes v Annucci, 213 AD3d 1011, 1012 [3d Dept 2023] [internal quotation marks and citations omitted]). The differing testimony of petitioner and the incarcerated individual who sustained the injuries presented credibility issues for the Hearing Officer to resolve (see Matter of Barzee v Venettozzi, 173 AD3d 1580, 1581 [3d Dept 2019]; Matter of Fernandez v Annucci, 161 AD3d 1431, 1432 [3d Dept 2018].
Turning to the balance of petitioner's contentions, although petitioner claims that portions of the hearing were not electronically recorded, "the hearing transcript does not substantiate this claim nor disclose the existence of gaps in the testimony that preclude meaningful review" (Matter of Santos v Annucci, 209 AD3d 1084, 1086 [3d Dept 2022] [internal quotation marks and citation omitted]). Petitioner's remaining arguments either have not been preserved or lack merit.
Clark, J.P., Pritzker, Ceresia, McShan and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.