Matter of Mills v Annucci (2024 NY Slip Op 01370)

Matter of Mills v Annucci

2024 NY Slip Op 01370

Decided on March 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 14, 2024

CV-23-1098
[*1]In the Matter of Alkim Mills, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 9, 2024

Before:Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Kathy Manley, Selkirk, for petitioner.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order, engaging in violent conduct, assaulting staff and failing to comply with frisk procedures. According to the misbehavior report, a correction officer was conducting a suspicious cell search and ordered petitioner to step out of his cell for a pat frisk. Petitioner allegedly refused, put something in his mouth and swallowed it, then turned and struck the correction officer in the face. The misbehavior report further relates that the correction officer forced petitioner to the ground and a struggle ensued, during which petitioner grabbed the correction officer's throat and failed to comply with repeated commands to stop resisting before the correction officer was able to place petitioner in mechanical restraints. Following a tier III disciplinary hearing at which petitioner was represented by counsel, petitioner was found guilty of all charges. That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, supporting documentation and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of James v Venettozzi, 201 AD3d 1288, 1289-1290 [3d Dept 2022]; Matter of Estrada v Annucci, 199 AD3d 1145, 1145-1146 [3d Dept 2021]). Any inconsistencies in the evidence and/or testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Lightner v Venettozzi, 197 AD3d 1448, 1448-1449 [3d Dept 2021]; Matter of Randolph v Annucci, 190 AD3d 1196, 1197 [3d Dept 2021]).
Turning to petitioner's procedural challenges, petitioner contends that he was improperly denied evidence regarding the basis and authorization of the cell search. The charges resulted from petitioner's conduct prior to the execution of a cell search and, therefore, the basis for the search in the first instance is irrelevant (see Matter of Legette v Rodriguez, 213 AD3d 1066, 1067 [3d Dept 2023]; Matter of Macedonio v Annucci, 142 AD3d 1215, 1215 [3d Dept 2016]; Matter of Covington v Harford, 105 AD3d 1289, 1290 [3d Dept 2013], lv denied 21 NY3d 862 [2013]). To the extent that petitioner asserts that he was improperly denied the right to question the correction officer involved in the incident about all prior grievances and complaints filed against him by other incarcerated individuals, such evidence was irrelevant to the charges (see Matter of Dawes v Selsky, 251 AD2d 912, 913 [3d Dept 1998], lv denied 92 NY2d 812 [1998]; compare Matter of Perkins v Goord, 257 AD2d 821, 822 [3d Dept 1999]).
As petitioner has completed the period of segregated confinement imposed as a result of the determination, and there was no loss of any good time, any [*2]challenge thereto is moot. Finally, we are unpersuaded by petitioner's contention that the inaudible portions of the hearing transcript are so significant as to preclude meaningful review (see Matter of Olukotun-Williams v Gardner, 221 AD3d 1164, 1165 [3d Dept 2023]; Matter of Lundy v Annucci, 219 AD3d 1622, 1622 [3d Dept 2023]). Petitioner's remaining contentions have been reviewed and, to the extent they are preserved, are without merit.
Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.