Matter of Maynard v Bondarenka (2025 NY Slip Op 04290)

Matter of Maynard v Bondarenka

2025 NY Slip Op 04290

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

CV-24-1633
[*1]In the Matter of Tyreek Maynard, Petitioner,
v
Lisa Marie Bondarenka, as Hearing Officer at Sullivan Correctional Facility, et al., Respondents.

Calendar Date:June 20, 2025

Before:Garry, P.J., Pritzker, Lynch, Ceresia and Mackey, JJ.

Tyreek Maynard, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with assaulting an incarcerated individual, engaging in violent conduct, refusing a direct order and possessing a weapon. According to the report, petitioner was observed striking another incarcerated individual using slashing and stabbing type motions while refusing direct orders to stop fighting. When that incarcerated individual fell to the ground from his injuries, petitioner ran to another location in the housing unit and began assaulting a second incarcerated individual by delivering repeated strikes using stabbing and slashing type motions while wielding what appeared to be a white cutting instrument. Several direct orders to stop fighting were again issued, and petitioner ultimately became compliant and threw a white ceramic knife blade across the housing unit. Following a tier III disciplinary hearing, petitioner was found guilty of the charges contained in the misbehavior report. Upon administrative appeal, the determination was affirmed, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony and voluminous documentary and photographic evidence submitted for in camera review, including the confidential body-worn video camera footage, provide substantial evidence to support the determination of guilt (see Matter of Jones v Annucci, 206 AD3d 1397, 1397 [3d Dept 2022]; Matter of Lundy v Annucci, 203 AD3d 1364, 1365 [3d Dept 2022]; Matter of Barzee v Venettozzi, 173 AD3d 1580, 1581 [3d Dept 2019]; see also Matter of Hill v Annucci, 198 AD3d 1316, 1316 [4th Dept 2021]).
Turning to certain of petitioner's procedural contentions, the Hearing Officer properly denied petitioner's request for testimony from various witnesses pertaining to, among other things, searches that occurred subsequent to the incident detailed in the misbehavior report as the requested testimony was irrelevant to the question of whether petitioner was guilty of the instant charges (see e.g. Matter of Pierre v Annucci, 219 AD3d 990, 991 [3d Dept 2023]). Petitioner was also not improperly denied documentary evidence regarding those subsequent searches because such evidence was also irrelevant to the question of guilt (see Matter of Walton v Annucci, 181 AD3d 1085, 1087 [3d Dept 2020]). Contrary to petitioner's contention, it was proper for the Hearing Officer to consider the documentary and medical evidence of petitioner's injuries as well as the injuries to those he assaulted, as such evidence was relevant to the determination of guilt (see e.g. Matter of Lebron v New York State Dept. of Corr. & Community Supervision, 200 AD3d 1385, 1386 [3d Dept 2021]; Matter of Cody v Goord, 17 AD3d 943, 944 [3d [*2]Dept 2005]). "Moreover, contrary to petitioner's claim that the Hearing Officer was biased, the record reflects that the hearing was conducted in a fair, deliberative and impartial manner, and we find that the determination of guilt flowed from the substantial evidence adduced at the hearing rather than from any alleged bias" (Matter of Keitt v Annucci, 231 AD3d 1455, 1456 [3d Dept 2024] [internal quotation marks and citation omitted], lv denied 43 NY3d 906 [2025]). To the extent petitioner's remaining procedural contentions are properly before us and relevant to the determination of guilt, we have reviewed them and find them to be without merit (see Matter of Brown v Annucci, 221 AD3d 1146, 1147-1148 [3d Dept 2023], lv denied 42 NY3d 903 [2024]).
Garry, P.J., Pritzker, Lynch, Ceresia and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.