■ In the Matter of ANDRE CAMPBELL, Appellant, v JAMES J. STINSON, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. [703 NYS2d 812] —Peters, J. Appeal from a judgment of the Supreme Court (Berke, J.), entered February 11, 1999 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

· Petitioner, an inmate, was found guilty of assaulting a staff member in violation of a prison disciplinary rule after he shoved his shoulder into a correction officer while complying with a direct order to return to company formation. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination of his guilt. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Initially, inasmuch as the misbehavior report contained sufficient detail to provide petitioner with notice of the charge against him and the opportunity to prepare a defense, we find that the minor discrepancy between the times indicated on the misbehavior report and the unusual incident report was a mere technical defect which does not require annulment of the determination (see, Matter of Rowe v Goord, 257 AD2d 935; Matter of Alvarado v Goord, 252 AD2d 650; Matter of Lugo v Coombe, 240 AD2d 878). Moreover, the fact that the Hearing Officer inquired into the relevancy of certain testimony requested by petitioner and may have paraphrased petitioner's questions to a witness is not indicative of bias (see, Matter of Lee v McCoy, 233 AD2d 633, 634). Finally, although the disciplinary transcript contains intermittent gaps, there is no support for petitioner's contention that the gaps were intentionally created by the Hearing Officer or were so significant as to prevent meaningful appellate review (see, Matter of Jackson v Goord, 263 AD2d 726, lv denied 94 NY2d 753; Matter of Reid v Coughlin, 221 AD2d 888).

Petitioner's remaining contentions, including those claims based upon his alleged mental incompetency, are either unpreserved for our review or lacking in merit.

Cardona, P. J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.