■ In the Matter of JOHN McKINS, Petitioner, v R. JAMES, as Judicial Hearing Officer at Attica Correctional Facility, et al., Respondents. [728 NYS2d 589] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit assault on a staff member, violent conduct, interference with a staff member and refusing to obey a direct order. As set forth in the misbehavior report, petitioner became irate and argumentative when the correction officer who authored the report gave him a counseling slip wherein he was admonished to timely report to his prison job assignment. Petitioner was then ordered to return to his cell. As he was being escorted up the stairs, petitioner turned on the correction officer and shoved him backward against the wall. Petitioner was directed to place his hands against the wall but refused to do so. He was ultimately subdued and taken to the special housing unit.

Petitioner challenges the determination of his guilt on the ground that it was not based upon substantial evidence. We disagree. The detailed misbehavior report, written by the correction officer who was directly involved in the incident, is sufficient, by itself, to constitute substantial evidence of petitioner's guilt on all charges (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of Collazo v Senkowski*, 282 AD2d 851;

*Matter of Daum v Goord,* 274 AD2d 715). To the extent that petitioner disputes the accuracy of the facts set forth in the report, this conflict presented an issue of credibility for resolution by the Hearing Officer (*see, Matter of Morales v Goord,* 270 AD2d 549; *Matter of Tarbell v Senkowski,* 257 AD2d 875).

We have examined petitioner's remaining contentions, including those alleging denial of his right to employee assistance and Hearing Officer bias, and find them to be either unpreserved for our review or without merit.

Cardona, P. J., Mercure, Crew III, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.