■ In the Matter of DEAN DOVER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [731 NYS2d 517] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a disciplinary hearing at which petitioner pleaded guilty to creating a disturbance, refusing a direct order and possession of drugs, petitioner was found guilty of violating the prison disciplinary rules that prohibit creating a disturbance, refusing a direct order, possession of drugs, engaging in violent conduct, assaulting staff and harassment as charged in two misbehavior reports. In this proceeding, petitioner challenges only that part of the administrative determination finding him guilty of assault on staff and violent conduct.

As set forth in one of the misbehavior reports, petitioner ignored a direct order from a correction officer to turn over a sweatshirt and, instead, leapt from his bed, struck the correction officer in the chest with his forearm pushing him into the wall and began running around the dorm. The detailed misbehavior report, together with testimony from the correction officer who was directly involved in the incident and medical records of his injuries, provide substantial evidence of petitioner's guilt on the charges of violent conduct and assaulting staff (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of McKins v James*, 285 AD2d 889). Any inconsistencies in the evidence regarding the assault and resulting injuries presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Evans v Selsky*, 278 AD2d 780, 781).

We reject petitioner's assertion that intermittent gaps in the hearing transcript with respect to the testimony of his witness were so significant as to prevent meaningful review (*see, Matter of Campbell v Stinson*, 269 AD2d 631). Petitioner's remaining contentions, including that the correction officer's testimony was coached by the Hearing Officer and that the penalty was excessive, have been reviewed and found to be without merit.

Cardona, P. J., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.