■ In the Matter of ANDRE T. McCANTS, Petitioner, v ROBERT J. MURPHY, as Acting Director of Special Housing/ Disciplinary Programs, Respondent. [753 NYS2d 559] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional

Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting violent conduct, assault on a staff member, creating a disturbance, refusing to comply with frisk procedures, refusing to obey a direct order, verbal harassment and being out of place. The first of two misbehavior reports filed against petitioner charged that he had refused an order to report for his dormitory work detail. When petitioner failed to report as directed, a correction officer located petitioner in the recreation yard and again ordered him to join the work detail. Petitioner initially complied but then refused to continue and demanded to see the sergeant. In the second misbehavior report, the sergeant related that when she appeared in petitioner's dormitory, he was shouting obscenities at the first correction officer. He then ignored orders to submit to frisk procedures and became violent, head-butting, kicking and causing injury to three officers. Additional officers were required to subdue petitioner and to disperse the crowd of inmates that had gathered to observe the incident.

Substantial evidence supporting the determination of petitioner's guilt was presented in the form of the two misbehavior reports and the hearing testimony of correction officers who witnessed the events in question (*see Matter of Orr v Selsky*, 290 AD2d 768, 769; *Matter of Cornwall v Goord*, 287 AD2d 911). Petitioner's own testimony was partially supportive of the determination in that he admitted that he had refused to obey a direct order, refused to comply with frisk procedures and verbally harassed one of the correction officers (*see Matter of Auricchio v Goord*, 275 AD2d 842). The assertion that the determination of his guilt was the result of hearing officer bias or the violation of his procedural rights has been examined and found to be without merit, as have the remaining issues raised herein.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.