█ In the Matter of Anthony Johnson, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [758 NYS2d 864] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting smuggling, possession of a controlled substance and refusing to obey a direct order after he was observed, following a visit from his mother, attempting to swallow an object that was later identified as a balloon containing two packets of heroin. Substantial evidence of petitioner's guilt

was presented at his disciplinary hearing* in the form of the misbehavior report, the NIK test results that were positive for the presence of heroin and the testimony of the two correction officers who subdued petitioner and confiscated the contraband drugs (*see Matter of Pizarro v Goord*, 278 AD2d 718, 718 [2000]; *Matter of Zarvela v Goord*, 270 AD2d 532, 533 [2000], *lv denied* 95 NY2d 758 [2000]). We reject petitioner's claim that the audiotape used to record the last part of his hearing was inaudible, thereby precluding meaningful review. The record discloses that the tape was completely audible, enabling an uninterrupted transcription of the proceedings (*see Matter of Wilson v Coombe*, 237 AD2d 831, 832 [1997]). The remaining contentions raised herein, including petitioner's assertions that various procedural errors deprived him of a fair hearing, have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* This is the second tier III disciplinary hearing to be held on these charges. The decision from the first hearing, conducted approximately two months earlier, was administratively reversed and expunged from petitioner's institutional record. A new hearing was ordered resulting in the determination under review.