■ In the Matter of CARLOS RIVERA, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [761 NYS2d 541] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting the unauthorized use of controlled substances. Although the misbehavior report and the testimony of the correction officer who tested petitioner's urine stated that it twice tested positive for the presence of cannabinoids, which could support a guilty finding with proper supporting

documentation (*see Matter of Schnittker v Selsky*, 288 AD2d 794 [2001]), the record lacks substantial evidence of petitioner's guilt. The calibration printout submitted and read into the record by the testing officer contained the inmate identification number of another inmate, raising considerable doubt as to whether the urine which tested positive belonged to petitioner. While a mere clerical mistake which does not affect the accuracy of the test results will not demand reversal (*see Matter of Muniz v Selsky*, 274 AD2d 796, 797 [2000]; *Matter of Russo v Selsky*, 249 AD2d 738, 739 [1998]), there is no proof that this was a mere clerical error.

Contrary to respondent's argument, there is no preservation question here (*compare Matter of Jimenez v Goord*, 264 AD2d 918, 919 [1999]). Petitioner was not required to object to the calibration printout being admitted as evidence; he simply—and correctly—contends that this document does not prove his guilt, but instead precludes a guilty finding. The issue was properly preserved through petitioner's amended administrative appeal notice and his CPLR article 78 petition.

Crew III, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.