■ In the Matter of STEPHEN WILLIAMS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [764 NYS2d 220] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting inmates from assaulting a staff member, engaging in violent conduct, refusing to obey a direct order, interfering with a staff member, possessing an altered item, possessing contraband, smuggling and refusing to comply with search and frisk procedures. The misbehavior report relates that a random frisk of petitioner's cell disclosed three pieces of sandpaper, two pieces from a disassembled pair of nail clippers, a length of modified television cable, a bare copper wire, a toothbrush with a melted handle, several pairs of disposable gloves and two pairs of state-issued work gloves. Upon petitioner's return to his cell, the reporting correction officer conducted a pat frisk, finding a cellophane packet in petitioner's

pants pocket. As the officer was unwrapping the packet, petitioner knocked him back against the wall, grabbed the packet and swallowed it.

Substantial evidence of petitioner's guilt of the charged misconduct was presented at his disciplinary hearing in the form of the detailed misbehavior report and the corroborating testimony given by the reporting correction officer who witnessed the conduct in question (*see Matter of McCants v Murphy*, 301 AD2d 713, 714 [2003]; *Matter of McKins v James*, 285 AD2d 889, 890 [2001]). Petitioner's testimony, wherein he asserted that the charged acts of misconduct never occurred but were fabricated by the reporting correction officer to cover up his unprovoked assault on petitioner, raised issues of credibility that lay within the discretionary power of the Hearing Officer to resolve (*see Matter of Rushing v Goord*, 298 AD2d 782, 783 [2002]).

Petitioner's assertion that the disciplinary hearing was vitiated by hearing officer bias is unsupported by any showing that the administrative proceedings were conducted in other than a fair and impartial manner (*see Matter of Cendales v Goord*, 305 AD2d 824, 824 [2003]). The remaining arguments raised herein, including the contention that various procedural irregularities deprived petitioner of a fair hearing, have been examined and found to be without merit.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.