■ In the Matter of WILLIAM PRIDE, Petitioner, v RAYMOND J. CUNNINGHAM, as Superintendent of Woodbourne Correctional Facility, Respondent. [764 NYS2d 371] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier II disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules prohibiting inmates from refusing to obey a direct order and harassing a staff member. Included in the evidence presented at the disciplinary hearing were the misbehavior report and the testimony of the reporting correction officer who stated that when he ordered petitioner to report to his regular work assignment, petitioner refused to go and then cursed at him. The detailed misbehavior report and the corroborating testimony of the reporting officer were sufficient to constitute the requisite substantial evidence of petitioner's guilt (*see Matter of McCants v Murphy*, 301 AD2d 713, 714 [2003]; *Matter of Tarbell v Senkowski*, 260 AD2d 807, 807 [1999]).

Petitioner's testimony and that of his inmate witness, averring that the other inmate routinely performed petitioner's work assignment so that there was no need for petitioner to report for work, is irrelevant to the issue of petitioner's guilt or innocence. Inmates are not free to select which orders to obey and which to ignore (*see Matter of Rivera v Smith*, 63 NY2d 501, 516 [1984]; *Matter of Davis v Goord*, 301 AD2d 1002 [2003], *lv dismissed* 100 NY2d 534 [2003]). Nor is the use of disrespectful language to a correction officer considered acceptable conduct (*see e.g. Matter of Lawrence v Headley*, 257 AD2d 837, 838 [1999]). The remaining contentions raised herein, including petitioner's assertion of hearing officer bias, have been examined and found to be without merit.

Mercure, J.P., Peters, Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.