In the Matter of HENRY MARCIAL, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.
[768 NYS2d 832]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was the subject of two misbehavior reports arising out of a fight with another inmate. In the course of the altercation, petitioner was observed making "slashing motions" toward the other inmate with a metallic object between his thumb and forefinger. Both men ignored repeated orders to stop fighting and petitioner refused to obey an order to drop his weapon. When a correction officer attempted to separate the inmates, petitioner struck him in the head. After they were separated, a weapon fashioned from a razor was found on the floor. A disciplinary hearing ensued resulting in a determination finding petitioner guilty of violating the prison disciplinary rules prohibiting assault on a staff member, assault on an inmate, fighting, refusing to obey direct orders and possession of a weapon.

Substantial evidence supports this determination in the form of the two misbehavior reports (both of which were written by correction officers who not only witnessed the incident in question, but had physically participated in the efforts to end it), the unusual incident report, photographs showing the injuries incurred by petitioner, the other inmate and the correction officer, and the hearing testimony given by the two reporting officers as well as the testimony of a third officer who witnessed petitioner in the act of striking an officer (*see Matter of Pope v Goord*, 307 AD2d 563 [2003]; *Matter of Johnson v Goord*, 298 AD2d 737 [2002]). Further evidence was provided by petitioner's own testimony wherein he admitted that he had engaged in the fight and had refused to obey orders to stop (*see Matter of McCants v Murphy*, 301 AD2d 713, 714 [2003]). Petitioner's contention that he was innocent of the remaining charges presented an issue of credibility for resolution by the Hearing Officer (*see Matter of Williams v Goord*, 308 AD2d 614 [2003]).

The assertion of hearing officer bias is not supported by the record which discloses that the hearing was conducted in a fair and impartial manner. The Hearing Officer's characterization of petitioner's conduct during the hearing as "obstructionist" does not warrant a contrary view; nor is there any indication that the outcome of the hearing resulted from any factor other than the evidence presented against petitioner (*see Matter of Miller v Costello*, 304 AD2d 916, 917 [2003]). The remaining contentions raised herein have been examined and found to be without merit.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.