■ In the Matter of CLYDE JOHNSON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [771 NYS2d 577]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was frisked after exiting the visiting room of the state correctional facility where he was incarcerated. While removing his underwear during the frisk, a tied-off piece of a condom that had been torn open fell from petitioner's groin. He was charged in a misbehavior report with smuggling and possessing contraband. As a result of this incident, petitioner was placed in a special drug watch room. While housed there, he put feces on a feed-up tray and was charged in a second misbehavior report with committing an unhygienic act and damaging state property. Thereafter, a correction officer discovered a balloon/condom under the bunk in petitioner's original cell, the contents of which tested positive for heroin. Petitioner was charged in a third misbehavior report with smuggling and possessing a controlled substance. A few days later, after the contents of another balloon/condom tested positive for heroin, petitioner was charged in a fourth misbehavior report with possessing a controlled substance.

The four misbehavior reports were the subject of one tier III disciplinary hearing, following which petitioner was found guilty of all charges. On administrative appeal, the possession of a controlled substance charge contained in the fourth misbehavior report and one of the smuggling charges were dismissed. Petitioner commenced this CPLR article 78 proceeding challenging the determination finding him guilty of the remaining charges.

Petitioner asserts that substantial evidence does not support the determination finding him guilty of possessing contraband, committing an unhygienic act, damaging state property or possessing a controlled substance. We disagree. Turning first to the possession of contraband charge, petitioner testified that the recovered item was a piece of plastic glove in which he stored ointment. The correction officer who supervised the visiting room on the day in question stated that such an item was not permitted there and would have been confiscated if discovered. The foregoing testimony provides substantial evidence supporting the charge.

As for the charges of committing an unhygienic act and damaging state property, the second misbehavior report, which was read into the record at the hearing, set forth specific details

of the facts pertaining to these charges as related by a correction officer who witnessed the event and, therefore, was " 'sufficiently relevant and probative' to constitute substantial evidence" (*Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990], quoting *Matter of Perez v Wilmot*, 67 NY2d 615, 616-617 [1986]; *see Matter of Johnson v Sabourin*, 290 AD2d 799, 800 [2002]; *Matter of Cornwall v Goord*, 285 AD2d 923, 924 [2001]). Contrary to petitioner's claim, production of the feed-up tray as corroborative evidence was not necessary. As for the possession of a controlled substance charge, the third misbehavior report, coupled with the testimony of the correction officer who conducted a NIK test of the substance and the results of that test revealing the presence of heroin, provide substantial evidence supporting this charge (*see Matter of Coppins v Cerio*, 307 AD2d 486, 486 [2003]; *Matter of Johnson v Goord*, 305 AD2d 911, 911-912 [2003], *lv denied* 100 NY2d 510 [2003]). While petitioner challenges the legitimacy of the NIK test documentation, asserting that it contains inaccuracies regarding the time that the test was administered, the testing officer provided adequate clarification of the matter at the hearing, stating that he had mistakenly recorded the wrong time (*see Matter of Muniz v Selsky*, 301 AD2d 769, 770 [2003], *lv denied* 99 NY2d 511 [2003]; *compare Matter of Rivera v Goord*, 306 AD2d 774, 775 [2003]). In any event, petitioner admitted that he possessed drugs in the facility and disputed only the quantity recovered (*see e.g. Matter of Minton v Goord*, 263 AD2d 811 [1999]).

Petitioner's claim that he was denied a fair and impartial hearing is likewise without merit. Our review of the hearing transcript belies his assertion that the Hearing Officer assisted witnesses in answering questions. In sum, there is nothing to indicate that the Hearing Officer was biased or that the outcome of the hearing flowed from such bias (*see Matter of Baptiste v Goord*, 302 AD2d 820 [2003]; *Matter of Brown v Goord*, 300 AD2d 777 [2002]). We have considered petitioner's remaining claims, to the extent they are properly before us, and find them to be unpersuasive.

Crew III, Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.