■ In the Matter of ADRIAN HERNANDEZ, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [774 NYS2d 446]—

Carpinello, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered September 12, 2002 in Albany County, which dismissed petitioner's application, in proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with failing to comply with frisk procedures and engaging in violent conduct after he refused to cooperate with a correction officer during a strip frisk and attempted to secrete something in his rectum. Immediately following this incident, he was taken to a hospital examination room for a forcible strip frisk. When petitioner failed to cooperate during the frisk, he was charged in a second misbehavior report with failing to comply with frisk procedures, engaging in violent conduct and refusing a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, petitioner contends that he was not provided with a copy of the second misbehavior report prior to the hearing and, therefore, was not afforded proper notice of the charges contained therein nor the opportunity to retain an assistant in connection with those charges. Upon reviewing the record, we find this claim to be without merit. A correction officer testified at the hearing that he served both misbehavior reports on petitioner and that they were stapled together. Petitioner's claim that he did not receive the second report presented an issue of credibility for the Hearing Officer to resolve (see Matter of Marcial v Goord, 2 AD3d 1243, 1244 [2003]; Matter of Brown v Goord, 1 AD3d 684 [2003]). In any event, to avoid any prejudice, the Hearing Officer agreed to adjourn the hearing to permit petitioner to review the report and retain an assistant, but petitioner persisted in objecting to the report thereby effectively waiving the proffered remedy.

Petitioner further asserts that he was improperly denied the right to call various correction officers, particularly Daniel Guest, as witnesses at the hearing. However, other than Guest, the hearing transcript does not disclose that petitioner requested

any other correction officers as witnesses. Guest is the correction officer who observed petitioner conceal an object in his pants and requested that he be strip frisked. However, inasmuch as he was not present during the incidents providing the bases for the two misbehavior reports, the Hearing Officer properly found his testimony irrelevant to the charges (*see Matter of Alexander v Goord*, 3 AD3d 638, 638 [2004]; *Matter of Miller v Goord*, 2 AD3d 928, 930 [2003]). Nevertheless, the Hearing Officer proceeded to question Guest concerning the events preceding the frisks after petitioner was excluded from the hearing due to his disruptive conduct. Finally, petitioner's assertions of hearing officer bias and other claimed procedural errors have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.