■ In the Matter of RASOOL SALAAM, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [778 NYS2d 216]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in three misbehavior reports with violating various prison disciplinary rules. The first, dated January 14, 2003, alleged that petitioner created a disturbance after the correction officer delivering his food tray declined to give petitioner a new tray. The second, dated January 22, 2003, alleged that petitioner interfered with an employee, had unauthorized medication, destroyed state property, made threats and attempted to inflict harm on himself following a search of his cell. The third, dated the same day, alleged that petitioner engaged in violent conduct, interfered with employees, refused a direct order and did not obey movement directions after he turned on two correction officers while being moved to his cell and had to be forcibly restrained. Separate tier III disciplinary hearings were held on the reports and petitioner was found guilty of the majority of the charges. Following administrative appeals, petitioner commenced this CPLR article 78 proceeding to review the three determinations.

Our review of the record discloses substantial evidence supporting all of the determinations of guilt. In all three proceedings, detailed misbehavior reports were prepared by correction officers who had witnessed petitioner's alleged misbehavior (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]; *Matter of Marcial v Goord*, 2 AD3d 1243, 1244 [2003]; *Matter of McCants v Murphy*, 301 AD2d 713, 714 [2003]). In addition, petitioner admitted in the first proceeding that he started banging on his cell and calling for the sergeant. In the second and third proceedings, the correction officers involved stated that they stood by the version of events related in their misbehavior reports, and the officers involved in the third proceeding provided testimony explaining what occurred (*see Matter of Marcial v Goord, supra* at 1244). To the extent that petitioner advanced the claim at the hearings that correction officers were retaliating against him, we decline to disturb the Hearing Officers' resolutions of the credibility issues created (*see Matter of Perkins v Goord*, 290 AD2d 700, 701 [2002]).

Petitioner's claim that the Hearing Officer who conducted the hearings in the second and third proceedings was biased is also without merit, as we perceive nothing in the record to indicate this, let alone that the determinations flowed from that bias (*see Matter of Johnson v Goord*, 4 AD3d 582, 584 [2004]). Petitioner's claim that he received ineffective employee assistance in the third proceeding is similarly unavailing. The assistant testified that petitioner did not request some of the items that he sought at the hearing, and any interviews he sought the assistant to conduct were not needed, as the two correction officers involved were called as witnesses at the hearing (*see Matter of West v Costello*, 270 AD2d 673, 674 [2000]). Nor has petitioner demonstrated that any of the alleged inadequacies prejudiced his defense (*see Matter of Smith v Selsky*, 294 AD2d 629, 630 [2002]). Petitioner's remaining contentions, to the extent that they are properly before us, have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.