◼ In the Matter of KEVIN WILLIAMS, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONS, Respondent. [779 NYS2d 621]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting inmates from using controlled substances after a sample of his urine tested positive for the presence of cannabinoids. He was found guilty of the charge following a tier III disciplinary hearing. The determination of guilt was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, although petitioner maintains that he was not provided with a copy of the misbehavior report prior to the hearing in violation of 7 NYCRR 253.6 (a), a correction officer testified that he supplied the report, along with other documents, to petitioner well in advance of the hearing, thus presenting a credibility issue for the Hearing Officer to resolve (*see Matter of Hernandez v Selsky*, 6 AD3d 830, 831 [2004]; *Matter of Lopez v Goord*, 306 AD2d 715 [2003]). In any event, even if petitioner were correct, the Hearing Officer adjourned the hearing to give petitioner an opportunity to review the report, alleviating any alleged prejudice (*see Matter of Hernandez v Selsky, supra* at 831).

In addition, we reject petitioner's claim that there were deficiencies in the chain of custody of his urine sample rendering the test results unreliable. The record clearly indicates that the appropriate testing procedure was followed and the chain of custody was properly established (*see* 7 NYCRR 1020.4 [e] [1] [i]; *Matter of Lopez v Selsky*, 5 AD3d 897, 898 [2004]). The positive test results, together with the misbehavior report and testimony of the correction officer who prepared it, constitute substantial evidence of petitioner's guilt.

We have considered petitioner's remaining contentions, including his claim that he was improperly denied certain witnesses, and find them to be unavailing.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.