■ In the Matter of REGINALD TRAMMELL, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [781 NYS2d 810]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As a result of his disruptive conduct during a group counseling session, petitioner was charged in a misbehavior report with engaging in violent conduct, creating a disturbance, interfering with an employee and harassment. Following a tier III disciplinary hearing, he was found guilty of all charges except engaging in violent conduct, and the determination was affirmed on administrative appeal. Thereafter, he was charged in a second misbehavior report with making threats, engaging in violent conduct and interfering with an employee after he had a verbal exchange with a correction officer during which he demanded that, unless he was given a keeplock shower, he would throw feces in the officer's face. He was found guilty of these charges following a tier III disciplinary hearing, and this determination was also affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging both determinations.

Initially, we find no merit to petitioner's claim that his right to confidentiality was violated by the allegations of the first misbehavior report. The allegations did not disclose personal information, but related behavior that occurred in a prison setting with other inmates present. Notwithstanding the fact that the counseling session was therapeutic in nature, petitioner was not immune from the standards of behavior established by the prison disciplinary rules in effect at the facility. Petitioner's contention that the Hearing Officers who presided over each of his disciplinary hearings were biased is not supported by the record. There is no indication that the Hearing Officers acted unfairly or that the determinations at issue flowed from any alleged bias (*see Matter of Salaam v Goord*, 8 AD3d 776, 777 [2004]; *Matter of Porter v Goord*, 7 AD3d 847, 848 [2004]). Finally, we conclude that the Hearing Officer did not improperly deny petitioner's request for an officer from the inspector general's office as a witness at the second hearing, as the record supports the Hearing Officer's conclusion that the officer's proposed testimony would be irrelevant because he did not pos-

sess personal knowledge related to the incident in question (*see Matter of Hernandez v Selsky*, 6 AD3d 830, 832 [2004]; *Matter of Johnson v Goord*, 297 AD2d 881, 882 [2002]; *Matter of Cowart v Pico*, 213 AD2d 853, 855 [1995], *lv denied* 85 NY2d 812 [1995]). Petitioner's remaining claims have either not been preserved for our review or are lacking in merit.

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.