■ In the Matter of THEODORE BLACK, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [784 NYS2d 911]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner became disruptive and refused a correction officer's order to lock in his cell after he was told that he would have to dispose of excessive books and magazines stored in his cell,

which created a fire hazard. He immediately requested to be taken to the special housing unit and, while being escorted there, began yelling to other inmates, refused a correction officer's orders to stop such behavior and kicked the officer in the knee. As a result, he was charged in two misbehavior reports with refusing a direct order (two counts), failing to follow facility lock-in procedures, creating a fire hazard, assaulting staff and creating a disturbance. He pleaded guilty to creating a fire hazard and was found guilty of all of the remaining charges following a tier III disciplinary hearing. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The detailed misbehavior reports, together with petitioner's admission that he possessed an excessive number of books and magazines and asked to be taken to the special housing unit after he was told to dispose of them, provide substantial evidence supporting the determination of guilt (*see Matter of Nelson v Goord,* 10 AD3d 773, 774 [2004]; *Matter of Hernandez v Selsky,* 306 AD2d 595, 597 [2003], *lv denied* 100 NY2d 514 [2003]). Petitioner's denial of wrongdoing and his claim that the misbehavior reports were fabricated presented a credibility issue for the Hearing Officer to resolve (*see Matter of Marcial v Goord,* 2 AD3d 1243, 1244 [2003]). Furthermore, there is no indication in the record that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Johnson v Goord,* 4 AD3d 582, 584 [2004], *lv denied* 2 NY3d 708 [2004]). Petitioner's remaining claims, insofar as they were not raised at the hearing or on administrative appeal, have not been preserved for our review (*see Matter of Cummings v Goord,* 10 AD3d 748, 749 [2004]).

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.