■ In the Matter of Eric Odome, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [788 NYS2d 513]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. Following a tier III disciplinary hearing, he was found guilty and the determination was affirmed on administrative appeal resulting in this CPLR article 78 proceeding.

In our view, the misbehavior report, the positive urinalysis test results and related documentation, together with the testimony of the training officer and the correction officer who performed the tests, provide substantial evidence supporting the determination of guilt (*see Matter of Graziano v Selsky*, 9 AD3d 752, 752 [2004]; *Matter of McCorkle v Bennett*, 8 AD3d 918, 919 [2004]). Contrary to petitioner's claims, the requirements of 7 NYCRR 1020.4 were satisfied. The chain of custody of the urine sample was properly established as the correction officer who performed the test had possession of the sample at

all times (see 7 NYCRR 1020.4 [e] [1] [i]; *Matter of Williams v New York State Dept. of Correction*, 8 AD3d 920, 921 [2004]). Although petitioner was not taken to an infirmary or a clinic to provide the sample, that was not required (see 7 NYCRR 1020.4 [d] [1]). Likewise, there is no requirement that the second test be conducted by a different officer (see 7 NYCRR 1020.4 [e] [1] [iv]).

In addition, there is no merit to petitioner's claim that he was denied the right to have certain inmate witnesses testify at the hearing. All three witnesses refused to testify. Although only one executed a witness refusal form, none of them provided reasons for their refusal. The correction officer who attempted to secure their testimony indicated the circumstances of their refusal, and it was not incumbent on the Hearing Officer to personally ascertain the reasons (see *Matter of Berry v Portuondo*, 6 AD3d 848, 850 [2004]; *Matter of Matos v Goord*, 293 AD2d 855, 856 [2002]). Because petitioner's assistant failed to, among other things, provide him with certain requested documentation, petitioner asserts that he was denied adequate employee assistance. However, inasmuch as these omissions were remedied at the hearing, any prejudice was alleviated (see *Matter of Otero v Selsky*, 9 AD3d 631, 632 [2004]). Furthermore, the record does not indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see *Matter of Salaam v Goord*, 8 AD3d 776, 777 [2004]). We have considered petitioner's remaining contentions, including his challenge to the penalty imposed, and find them to be unpersuasive.

Crew III, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.