■ In the Matter of JABBAR WITHROW, Petitioner, v SUPERINTENDENT OF GOUVERNEUR CORRECTIONAL FACILITY, Respondent. [790 NYS2d 326]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

When petitioner failed to receive a commissary buy sheet on September 2, 2003, he requested that a correction officer look into the matter on his behalf. The officer did so but informed petitioner that the matter could not be resolved until the following day. Petitioner later approached the prison Imam and asked that he look into the matter because the officer he initially approached purportedly would not assist him. When the officer discovered this, he charged petitioner in a misbehavior report with interfering with an employee and making a false statement. Petitioner was found guilty of these charges following a tier II disciplinary hearing and the determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction officer who agreed to assist petitioner and who prepared the report, provide substantial evidence supporting the determination of guilt (see Matter of Pride v Cunningham, 308 AD2d 649 [2003], lv denied 1 NY3d 505 [2003]; Matter of Antonucci v David, 306 AD2d 654, 654 [2003]). Although petitioner and certain inmates testified that the officer did not assist petitioner in resolving the problem, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Sproul v Goord, 308 AD2d 612, 613 [2003]; Matter of Kilgore v Goord, 273 AD2d 695, 696 [2000]).

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.