■ In the Matter of AVIS QUEZADA, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [796 NYS2d 753]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding to challenge a determination finding him guilty of violating prison disciplinary rules prohibiting violent conduct, harassment, physical interference, making threats, creating a disturbance, refusing a direct order and refusing to lock in. Initially, petitioner's contention that the Hearing Officer was biased is unpersuasive as the record discloses that the hearing was conducted in a fair and impartial manner and there is no indication that the determination flowed from any alleged bias (*see Matter of Odome v Goord*, 14 AD3d 975, 976 [2005]; *Matter of Salaam v Goord*, 8 AD3d 776, 777 [2004]). Moreover, the detailed misbehavior report and the testimony of the correction officer who authored it, together with the testimony of the other correction officers on duty on the night of the incident, provide substantial evidence of petitioner's guilt (*see Matter of Knight v McGinnis*, 14 AD3d 984, 984 [2005]; *Matter of Goncalves v Donnelly*, 9 AD3d 721, 721 [2004]). The testimony of petitioner and his inmate witnesses merely created an issue of credibility that the Hearing Officer was free to resolve (*see Matter of Binns v Goord*, 12 AD3d 1006, 1007 [2004]; *Matter of Goncalves v Donnelly, supra* at 721). Petitioner's remaining contentions have not been properly preserved (*see Matter of Youngblood v Goord*, 267 AD2d 640, 641 [1999]; *Matter of Stanislas v Senkowski*, 253 AD2d 972, 973 [1998]).

Mercure, J.P., Crew III, Peters, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.