In the Matter of ANTONIO RUGGIA, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [804 NYS2d 502]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in three misbehavior reports with various prison disciplinary infractions emanating from an incident in which he attempted to give a letter to a female school counselor to allegedly express his feelings toward her. Following this incident, he was charged in the first report with harassment and violating facility correspondence procedures. Thereafter, while being escorted back to his cell, he refused a correction officer's directive to lock into his cell and was charged in a second report with refusing a direct order, violating facility movement regulations and interfering with an employee. As a result of an investigation, a correction officer discovered a letter authored by petitioner containing obscene and threatening language directed at the counselor. He was then charged in a third report with harassment, threatening staff and violating facility correspondence procedures. A tier III hearing on all charges was subsequently held. Petitioner pleaded guilty to the harassment charge contained in the first report and not guilty to the remaining charges. At the conclusion of the hearing, he was found guilty of harassment as charged in the first report, refusing a direct order as charged in the second report and threatening staff as well as violating facility correspondence procedures as charged in the third report. On administrative appeal, the charges contained in the third report were dismissed and the penalty was modified. This CPLR article 78 proceeding ensued.

We confirm. As a result of the administrative modification, petitioner only stands guilty of harassment and refusing a direct order. Inasmuch as he pleaded guilty to the former charge, he is precluded from now challenging the evidence upon which it is based (see Matter of Bridges v Fisher, 19 AD3d 965, 966 [2005]; Matter of Cody v Goord, 17 AD3d 943, 944 [2005]). As to the latter charge, the second misbehavior report, together with the testimony of the officers who witnessed petitioner's refusal to

comply with the directive to lock into his cell, provide substantial evidence supporting the determination of guilt (*see Matter of Quezada v Goord*, 19 AD3d 910, 911 [2005]; *Matter of Rivera v Goord*, 16 AD3d 788, 788 [2005]). We find no merit to petitioner's claim that he was improperly denied relevant documentary evidence or to his remaining contentions, to the extent that they are properly before us.

Mercure, J.P., Peters, Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.