In the Matter of JOHN CREAMER, Petitioner, v D. VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [984 NYS2d 893]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting the use of a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. Following a tier III disciplinary hearing, he was found guilty of the charge. The determination was later affirmed on administrative appeal, prompting the commencement of this CPLR article 78 proceeding.

We confirm. Upon review of the misbehavior report, positive urinalysis test results and related documentation, together with the testimony of the correction officer who tested petitioner's urine specimen, we find substantial evidence supporting the determination of guilt (*see Matter of Johnson v Fischer,* 104 AD3d 1007, 1007 [2013]; *Matter of Mateos v Fischer,* 110 AD3d 1127, 1128 [2013]). While petitioner correctly points out that his inmate identification number was improperly recorded on the printout of the second test, here, unlike the case in *Matter of Rivera v Goord* (306 AD2d 774, 775 [2003]), "the testing officer provided adequate clarification of the matter at the hearing" (*Matter of Johnson v Goord,* 4 AD3d 582, 584 [2004], *lv denied* 2 NY3d 708 [2004]). Furthermore, contrary to petitioner's argument, the record indicates that the specimen never left the officer's possession, the chain of custody was properly maintained

and the refrigeration requirements of 7 NYCRR 1020.4 (f) were not applicable (see *Matter of Hyzer v Fischer*, 104 AD3d 983, 983 [2013]). "As for petitioner's assertion that the disciplinary hearing was not commenced or completed in a timely matter, he failed to raise this objection at the hearing and has, therefore, failed to preserve it" (*Matter of Taylor v Fischer*, 80 AD3d 1037, 1037 [2011] [citations omitted]). We have considered petitioner's remaining arguments and, to the extent that they are preserved, find them to be lacking in merit.

Stein, J.P., McCarthy, Rose and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.