*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 11, 2014                 517822
_____

In the Matter of EARL BUSSEY,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

COMMISSIONER OF CORRECTIONS
    AND COMMUNITY SUPERVISION,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Lynch, JJ.

                        _____


        Earl Bussey, Coxsackie, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Julie M.
Sheridan of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating a prison disciplinary rule.

        When all inmates in a section of the prison were subjected
to drug testing, petitioner submitted a urine sample that
appeared to be water.  A second urine sample was accordingly
collected from him (see 7 NYCRR 1020.4 [a] [1]), which twice
tested positive for marihuana.  Petitioner was charged in a
misbehavior report with drug use and, following a tier III
disciplinary hearing, was found guilty as charged.  The
determination was affirmed upon administrative review, prompting
this CPLR article 78 proceeding.

We confirm. The hearing testimony, misbehavior report and positive drug test results provide substantial evidence to support the determination of guilt (see Matter of Creamer v Venettozzi, 117 AD3d 1254, 1254-1255 [2014]; Matter of Mateos v Fischer, 110 AD3d 1127, 1128 [2013]). The request for urinalysis form and testimony of the correction officers involved established that there was an unbroken chain of custody over the sample and that, contrary to petitioner's contention, the sample could not have been mistaken for another inmate's or tampered with (see Matter of Roman v Selsky, 253 AD2d 975, 975-976 [1998]). The sample was further refrigerated as required, and the record demonstrates that the failure to freeze it as "recommended" did not increase the possibility of a false positive result (7 NYCRR 1020.4 [f] [1] [ii]; see Matter of Hyzer v Fischer, 104 AD3d 983, 983 [2013]). Petitioner's remaining claims, including that the Hearing Officer was biased against him, have been examined and found to lack merit.

Lahtinen, J.P., McCarthy, Garry, Rose and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court